HALEY NEELEY COMPANY *v.* DUNLAP.

Opinion delivered December 20, 1926.

1. CONTINUANCE—SURPRISE.—Where the transcript of a judgment in a foreign court was objected to as not properly authenticated, it was error to refuse a continuance to defendant on the ground of surprise, where opposing counsel had agreed that the sufficiency of the transcript would not be questioned, though a continuance had been granted on defendant's motion at a former term to afford opportunity to perfect the transcript.

2. STIPULATIONS—WAIVER OF DEFECT IN TRANSCRIPT OF JUDGMENT.—In a suit on a foreign judgment, a defect in the authentication thereof *held* waived by an agreement of counsel that the sufficiency of the authentication would not be questioned.

Appeal from Washington Circuit Court; *W. A. Dickson,* Judge; reversed.

*W. Irvine Whitty,* for appellant.

SMITH, J. Appellant brought suit on what it alleged was a judgment which it had recovered in a court of record in the State of Iowa against appellee. The answer denied that appellant had recovered a judgment, and, by way of counterclaim, alleged that appellee had shipped to appellant a car of sweet potatoes, for which appellant had agreed to pay the sum of $509.12; that the car of potatoes was delivered to and accepted by appellant, who failed to pay for them. Judgment was prayed for the value of the car of potatoes. The trial resulted in a verdict for appellee for the amount of his counterclaim, and from the judgment pronounced thereon is this appeal.

When the transcript of the judgment of the Iowa court was offered in evidence, appellee objected to its introduction upon the ground that it was not properly authenticated, and this objection was sustained. The validity of this objection is conceded, but, when the objection was made, counsel for appellant asked for a continuance upon the ground of surprise, the surprise being that he had an agreement with counsel for appellee that the sufficiency of the transcript would not be questioned, and that the only question that would be controverted with reference thereto would be the authority under which appellee's appearance had been entered in the original suit in Iowa. Appellant's attorney supported this statement by an affidavit, which appears in the record. No denial of this agreement appears to have been made, and the motion for continuance was overruled upon the ground that a continuance had been had at the former term of the court and an opportunity had been thus afforded to perfect the transcript of the judgment. It was stated, and not questioned, that the continuance was granted on the motion of appellee.

The judgment should, of course, have been properly authenticated, but this was a defect which might have been waived, and which, according to the undenied affidavit of appellant's counsel, was waived.

The deposition of an attorney in Iowa was taken, and this attorney testified that he had entered appellee's

appearance in the court there, and had litigated there the question of the car of potatoes for which judgment was asked in the cross-complaint filed in the court below. This deposition was excluded upon the ground that it was immaterial, in the absence of a showing that a judgment had been recovered.

In the absence of any denial that there was an agreement that no question would be raised touching the sufficiency of the authentication of the judgment sued on, we must accept that statement as true, and, if it is true, the continuance should have been granted on the ground of surprise, and, for the error in refusing to grant the continuance, the judgment of the court below must be reversed, and it is so ordered.